UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Jason B. Nicholas</u>

     v.     Civil No. 23-cv-196-LM

<u>N.H. Department of Fish and Game,</u>
<u>Executive Director et al.</u>

**O R D E R**

Before the court is Magistrate Judge Andrea K. Johnstone's Report and Recommendation in this case, dated December 28, 2023 (doc. no. 24). Plaintiff Jason B. Nicholas brings eight claims against defendants. In Count 1, he brings a First Amendment claim based on three theories: freedom of speech, freedom of association, and freedom of "occupational choice." Counts 2 through 7 allege violations of Nicholas's Fourteenth Amendment substantive and procedural due process rights. In Count 8, Nicholas alleges a civil conspiracy in violation of 42 U.S.C. § 1985. In her Report and Recommendation, Judge Johnstone granted defendants' motion to dismiss (doc. no. 19) as to Counts 2 through 7, and two of the three First Amendment theories (freedom of association and freedom of occupational choice) in Count 1. Judge Johnstone denied the motion as to Nicholas's First Amendment claim based on freedom of speech. After due consideration of the objection filed, I approve the Report and Recommendation with one exception: I

deny the motion to dismiss Nicholas's First Amendment claim based on freedom of association.

In his complaint, Nicholas alleges that the New Hampshire regulations bar him from working as a licensed fishing guide because he is a felon, and do not allow him to challenge the denial of his license application. Doc. no. 18 ¶¶ 38-41. Nicholas further alleges that his work as a guide would allow him to "speak, share and teach," encouraging his clients to be "fully[]realized and happy human being[s]." Id. ¶ 18. According to Nicholas, "going off-grid, and off-line, can be a radical, even revolutionary act and protest against the Digital Age status quo." Id.

The First Amendment protects the freedom of association in two circumstances: (1) in "choices to enter into and maintain certain intimate human relationships" and (2) in associations "for the purpose of engaging in those activities protected by the First Amendment." Roberts v. U.S. Jaycees, 468 U.S. 609, 617-18 (1984) (internal quotation marks omitted); URI Student Senate v. Town of Narragansett, 631 F.3d 1, 13 (1st Cir. 2011). This case implicates the latter. "[T]he Court has recognized a right to associate for the purpose of engaging in those activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion." Roberts, 468 U.S. at 618. "It seems indisputable that an association that seeks to transmit . . . a system of values engages in expressive activities." Boy Scouts of Am. v. Dale, 530 U.S. 640, 650 (2000).

At this early stage in the litigation, Nicholas has sufficiently alleged an infringement on his freedom of association. Construed broadly, Nicholas's intended work as a fishing guide, and the speech he wishes to engage in as a guide, falls within the type of expressive conduct the Constitution protects. See id.; Roberts, 486 U.S. at 636 (O'Connor, J., concurring) ("Even the training of outdoor survival skills or participation in community service might become expressive when the activity is intended to develop good morals, reference, patriotism, and a desire for self-improvement."); see also Nicholas v. Seggos, No. 8:23-cv-463, 2023 WL 6121164, at *5 (N.D.N.Y. Sept. 19, 2023) (allowing Nicholas's freedom of association challenge against the New York guiding law to proceed). Therefore, as to Nicholas's freedom of association claim, the court denies defendants' motion to dismiss. Otherwise, the court adopts the Report and Recommendation. There are now two First Amendment claims remaining in the case: one based on freedom of speech and another based on freedom of association.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 28, 2024

cc:   Jason B. Nicholas, pro se
      Counsel of Record